**DEUTSCHE CREDIT CORPORATION, Appellant,**

v.

**Jerry L. WOODARD and Patsy L. Woodard, Respondents.**

**No. WD 37945.**

Missouri Court of Appeals,
Western District.

Nov. 18, 1986.

Linda S. Tarpley, Carl E. Laurent, P.C., Independence, for appellant.

John K. Allinder, Independence, for respondents.

Before CLARK, C.J., and SHANGLER and NUGENT, JJ.

CLARK, Chief Judge.

Appellant, assignee of a retail installment sale contract and security agreement, brought suit against respondents, the debtors, for a deficiency balance remaining after repossession and sale of the collateral. The cause was tried to the court which entered judgment against plaintiff on defendants' motion at the close of plaintiff's evidence. Reversed.

The facts which are not in dispute are that respondents purchased a 1982 Freightliner truck, June 22, 1982, under a retail installment sale agreement. The balance of the purchase price was repayable in monthly installments and the debt was guaranteed by assignment of a security interest in the truck. The contract was

sold by the dealer to appellant. After about one year of payments, the account became delinquent and following discussions between respondents and appellant's representative, the vehicle was delivered to appellant for purposes of resale. The sale price ultimately received for the truck was not sufficient to satisfy the balance due on respondents' note. This action was brought to collect the difference amounting to $16,885.32 and attorney fees.

The summary disposition of the claim made by the trial court after appellant had presented its evidence was apparently based on the finding by the court that when respondents delivered the truck to appellant, it was upon an understanding that appellant would realize a sale price at least equivalent to the balance due on the debt or, alternatively, that the security was taken in satisfaction of the full balance owed. In the dispositive point on this appeal, appellant contends the evidence before the court at the time judgment was rendered does not support a finding that such an agreement was made.

Granting a motion for directed verdict at the close of plaintiff's evidence is a drastic action to be taken only when all of the evidence and the reasonable inferences to be drawn therefrom are so strongly against plaintiff that there is no room for reasonable minds to differ. *Boyle v. Colonial Life Insurance Co. of America*, 525 S.W.2d 811, 814 (Mo.App.1975). In reviewing the grant of a directed verdict at the close of plaintiff's evidence, the court must consider the evidence and all the reasonable inferences therefrom in the light most favorable to plaintiff. *Rustici v. Weidemeyer*, 673 S.W.2d 762, 765 (Mo. banc 1984). The reviewing court accepts plaintiff's evidence as true, accords plaintiff the benefit of all favorable inferences deducible from the evidence, rejects all unfavorable inferences and disregards other evidence except insofar as it aids plaintiff's case. *Barnett v. M & G Gas Co.*, 611 S.W.2d 370, 371 (Mo.App.1981).

Viewed under the above standards for review, appellant's evidence as to what oc-curred when respondents delivered the truck for resale was as follows. In September, 1983, respondents informed appellant's representative Handke that the truck was not making a profit for them and they wanted to sell it. A payoff figure on the loan was quoted and respondents said they were going to place the truck for sale on consignment with a Freightliner dealer. Later in the month, respondents were informed a payment would have to be made by the first, and respondents promised to send money in. No payment was forthcoming and following discussions between respondents and Handke, the parties met on October 14, 1983 and respondents surrendered possession of the truck. At that meeting, Handke delivered to respondents a notice advising that appellant would thereafter make a private sale of the truck applying the net sale proceeds to a reduction of the debt due under the installment sale agreement.

Respondents argue that evidence from witness Handke established the formulation of an agreement to relieve respondents of any obligation for a deficiency when the truck was delivered for resale. They point to testimony elicited from Handke on cross-examination that respondents were told appellant had possible buyers for the truck who would pay off the full balance and relying on this, respondents surrendered the truck with the expectation that the account was thereby satisfied. Handke also acknowledged telling respondents that appellant's goal was not to sell the truck for less than the balance due and that respondents would be paid any sums realized over and above the debt.

Giving to these statements the inferences most favorable to appellant's cause, it is apparent Handke was merely expressing an optimistic forecast which, for all that appears, may have been reasonable at the time. As events later disclosed, bids were made to purchase the truck at a price which would very nearly have satisfied the balance owed, but financing was not available to conclude the transactions. After exposing the truck for sale for approxi-

mately four months, the price for which it was eventually sold was the best price obtainable. There was no evidence of any lack of diligence on the part of appellant in attempting to realize the most which could be recovered in the sale of the truck.

Respondents rely in part on evidence from a deposition taken of Handke and on a purported fact stipulation. The deposition, however, was not in evidence nor was it a part of the record. The stipulation was as to facts set out in the introductory portion of respondents' trial brief which does not recount the facts on which respondents now rely. Those facts are in the argument portion of the brief and were not a subject of the stipulation.

Based on appellant's evidence there was, at a minimum, a basis for reasonable minds to differ on the circumstances under which the truck was voluntarily returned to appellant on default in payments by respondents under the installment sale contract. It was not disputed that appellant requested respondents to make the collateral available upon default in the payments, and that respondents did no more than was their obligation under the financing agreement. Giving appellant's evidence the most favorable intendment and the benefit of all favorable inferences, a submissible claim to recover the deficiency balance was made. The trial court erred in directing a verdict and in entering judgment for respondents on appellant's evidence alone.

The judgment is reversed and the case is remanded for a new trial.

All concur.